UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS,<br><br>   Plaintiff,<br><br>v.<br><br>PAUL DAVID GAUBATZ, *et al.*,<br><br>   Defendants. | Civil Action No. 09-2030 (CKK) |

**ORDER REGARDING DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**
(November 9, 2009)

On October 29, 2009, Plaintiff, the Council on American-Islamic Relations ("CAIR") filed a complaint in the above-captioned civil action accompanied by a Motion for a Temporary Restraining Order and a Preliminary Injunction. Plaintiff names as Defendants Paul David Gaubatz, Chris Gaubatz, a.k.a. "David Marshall," and John and Jane Doe Nos. 1-20. On November 3, 2009, the Court granted-in-part and denied-in-part CAIR's request for a temporary restraining order and issued a limited *ex parte* temporary restraining order that is currently scheduled to expire at 11:59 P.M. on November 18, 2009. *See* 11/3/09 Order, Docket No. [9]. CAIR's request for a preliminary injunction, however, remains pending before this Court. *See* Pl.'s [2] Motion for a Temporary Restraining Order and a Preliminary Injunction; Pl.'s [12] Renewal of Motion for Preliminary Injunction and Supplemental Memorandum In Support Thereof.

On November 4, 2009, counsel for Plaintiff filed a [11] Declaration advising the Court

that CAIR has been informed that Defendants Paul David Gaubatz and Chris Gaubatz are now represented by counsel. *See* Declaration of Daniel Marino Regarding Service, Docket No. [11]. Plaintiff's counsel further advised the Court that Defendants' counsel agreed to accept service on Defendants' behalf of the Summons and Complaint, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and the Court's November 3, 2009 Temporary Restraining Order. *See id.* Accordingly, Plaintiff's counsel avers that service of the Motion for Temporary Restraining Order and Preliminary Injunction was made on Defendants Paul David Gaubatz and Chris Gaubatz, via counsel, on November 4, 2009.

Pursuant to Local Civil Rule 65.1, Defendants' opposition to Plaintiff's request for a preliminary injunction is therefore due on or before Thursday, November 12, 2009. *See* LCvR 65.1(c) ("The opposition shall be served and filed within five days after service of the application for preliminary injunction, and shall be accompanied by all affidavits on which the defendant intends to rely."). Although Plaintiff's counsel has indicated that Defendants are now represented by counsel, the Court notes that no one has yet entered an appearance before this Court on Defendants' behalf. Until that occurs, the Court shall continue to treat Defendants as representing themselves *pro se*. Accordingly, in an abundance of caution, the Court advises Defendants that their opposition to Plaintiff's request for a preliminary injunction is currently due on or before **Thursday, November 12, 2009**. Defendants are further advised that their opposition must be "accompanied by all affidavits on which the defendant[s] intend[] to rely" in opposing Plaintiff's motion. LCvR 65.1(c). If Defendants do not respond, the Court may treat Plaintiff's motion for a preliminary injunction as conceded.

Finally, the Clerk of the Court is directed to send a copy of this Order to Defendants: (1)

by email at davegaubatz@gmail.com; and (2) by mail to 13926 Hull Street, #150, Midlothian, VA 23112.  In addition, the Clerk is directed to send a copy of this Order, by both regular mail and email, to the following individuals who purport to represent Defendants in this matter: (1) Martin Garbus, available by mail at 3 Park Avenue, 16th Floor, New York, NY 10016, and by email at mgarbus@evw.com; and (2) Daniel Horowitz, available by mail at P.O. Box 1547, Lafayette, CA 94549, and by email at horowitz@whitecollar.us.

**SO ORDERED.**

                                                /s/
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge