**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 09-2030 (CKK) |
| v. | ) ) | Judge Colleen Kollar-Kotelly |
| PAUL DAVID GAUBATZ, *et al.*, | ) ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT AND LCvR 16.3(d) REPORT**

Pursuant to the Court's Order of November 19, 2009 and LCvR 16.3(d), Plaintiff, the Council on American-Islamic Relations (CAIR), and Defendants Paul David Gaubatz and Chris Gaubatz hereby submit this joint status report and LCvR 16.3(d) report.

On November 23, 2009, the parties held, by telephone, a discovery planning conference pursuant to F.R.Civ.P. 26(f) and LCvR 16.3(a). During that conference, the parties discussed each of the matters enumerated in LCvR 16.3(c) as well as other matters, and hereby report to the Court as follows:

(1)     **Discovery and Dispositive Motions.** Defendants anticipate filing a Rule 12 motion and believe that their motion will be dispositve. Plaintiff is not aware of the nature or substance of Defendants' contemplated motion and do not believe that there is any such motion to be made which would be dispositive of all of the case or which should affect any discovery or case management deadlines.

During their November 23, 2009 conference, the parties generally agreed to a discovery and pretrial schedule leading up to a pretrial conference in November of next year. Since that time, however, Defendants have determined that more time is needed to conduct discovery and

that the case should not be set for a pretrial conference until April 2011.  Accordingly, the parties are not in agreement with respect to most dates and deadlines and, as a result, have each submitted their own respective proposed scheduling orders.  Plaintiff contends that the schedule it has proposed (and to which the parties initially agreed during the discovery planning conference) will allow ample time to conduct the discovery necessary in this case and that the extended schedule proposed by Defendants is excessive, and will only serve to prolong the litigation unnecessarily.

(2)     **Joinder/Amendment of Pleadings.**  The parties have agreed that any other parties shall be joined and the pleadings shall be amended no later than March 1, 2010.  (Plaintiff, however, notes that if the extended discovery schedule proposed by Defendants is adopted by the Court, the joinder and amendment deadline should be moved back at least three months to account for the longer discovery period.)

(3)     **Consent to Magistrate.**  The parties do not consent to the assignment of this case to a magistrate judge for all purposes.

(4)     **Settlement.**  The parties have had and continue to have discussions regarding possible settlement and, at this time, believe that there is a realistic chance of settlement.

(5)     **Alternative Dispute Resolution.**  The parties have discussed possible methods of alternative dispute resolution, but do not believe that such procedures would be helpful at this point in time.

(6)     **Dispositive Motions.**  The parties are not in agreement as to a deadline for dispositive motions.  Plaintiffs propose that any dispositive motions shall be filed on or before July 1, 2010.  Defendants propose February 15, 2011.  The parties have agreed that oppositions to any dispositive motion, whenever filed, shall be filed within thirty (30) days of the filing of

such a motion and any reply brief shall be filed within fifteen (15) days thereafter.

(7)     **Initial Disclosures.**  The parties have agreed that the initial disclosures required by F.R.Civ.P. 26(a)(1) shall be made on or before January 11, 2010.

(8)     **Discovery.**  The parties are not in agreement as to a date for the close of discovery.  Plaintiff proposes that discovery conclude on June 25, 2010.  Defendants propose January 15, 2011.

The parties have also discussed the possibility of agreeing upon a confidentiality and protective order.  Plaintiff believes that such an order is appropriate in this case.  Defendants disagree and are only willing to address confidentiality issues on a document-by-document basis.

The parties do not believe any additional limitations on discovery are necessary beyond those already imposed by the Federal Rules of Civil Procedure and the Court's local rules.

(9)     **Expert Witness Disclosures.**  The parties are not in agreement as to the dates for expert disclosures, but they do agree that one date should be set for disclosures required by F.R.Civ.P. 26(a)(2) and that a second date be set fifteen (15) days thereafter for disclosures with respect to rebuttal experts.  Plaintiff proposes May 3, 2010 and May 18, 2010, respectively. Defendants propose November 15, 2010 and November 30, 2010, respectively.

(10)    **F.R.Civ.P. 23.**  Not applicable.

(11)    **Bifurcation/Phasing of Discovery.**  The parties do not believe discovery in this case should be bifurcated or phased.

(12)    **Pretrial Conference.**  The parties are not in agreement as to when the Court should schedule a final pretrial conference.  Plaintiff proposes November 15, 2010.  Defendants propose April 15, 2011.

(13)    **Trial Date.**  The parties request that the Court set a firm trial date at an available

date on the Court's calendar 30 to 60 days following the final pretrial conference.

(14)    **Other.**  The parties are not in agreement as to the date by which Defendants' Paul David Gaubatz and Chris Gaubatz must file an answer or other responsive pleading.

Plaintiff CAIR's position is that Defendants were served pursuant to Fed. R. Civ. P. 4(e)(2)(C) on November 4, 2009, when both Mr. Garbus and Mr. Horowtiz advised counsel for CAIR that they had been retained as counsel for both Defendants and that their clients had authorized them to accept service on their behalf and that they both agreed to do so, and CAIR thereafter caused to be delivered to Mr. Garbus and Mr. Horowitz a copy of the Complaint, Summons, and all other filings in this case to that point.  CAIR filed a declaration of counsel to that effect the following day, November 5, 2009, in accordance with Rule 4(l).  (Doc. 9.)  Because service was made on November 4, 2009 pursuant to Rule 4(e)(2)(C), Defendants' answer was initially due twenty days thereafter (*i.e.*, on November 24, 2009) pursuant to Rule 12(a)(1)(A)(i).  On November 24, however, CAIR agreed, at the request of Mr. Garbus, to an extension of the time for Defendants Paul David Gaubatz and Chris Gaubatz to answer or otherwise respond to the Complaint for an additional twenty days until December 14, 2009.  On November 30, Mr. Horowitz faxed a letter to counsel for CAIR stating that Rule 4(d)(1) applied to counsel's acceptance of service for Defendants and attaching an executed Waiver of the Service of Summons form dated November 30.

Defendants' position is that their Defendant's attorney accepted service under Fed. Rule Civ. Proc. 4(d)(1) in order to facilitate the Court's hearing of the TRO and to allow the prompt scheduling of the hearing on the Preliminary Injunction.  This was solely for the benefit of CAIR and was done solely as an accommodation to the Court and counsel.  There was no benefit to defendant in doing this.

CAIR's counsel did not ask defendant to agree to a shortened time to answer or otherwise respond to the complaint. CAIR's counsel never sent a waiver form as required under Fed. Rule Civ. Proc. 4(d)(1)(C) despite being asked to do so by defense counsel. Defense counsel then prepared the form himself, signed it and sent it to CAIR. CAIR's attorney now asserts that a shorter response period applies. Attempts were made to negotiate a compromise response date but this did not succeed. Defendant requires the full amount of time in order to prepare a rather detailed Rule 12 motion and therefore asserts that the normal time period under Fed. Rule Civ. Proc. 4(d)(3) applies and that 60 days from November 4, 2009 requires an answer or other response on or before January 4, 2009.

\* \* \* \* \*

Because the parties are in disagreement as to several dates to be provided for in the Court's scheduling order, separate proposed scheduling orders are being provided reflecting the respective positions of Plaintiff and Defendants.

Dated: December 7, 2009                                        Respectfully submitted,

/s/Daniel Marino                                                          /s/Daniel Horowitz (by permission)
Daniel Marino (DC Bar No. 416711)                     Daniel Horowitz
Tillman Finley (DC Bar No. 477737)                     P.O Box 1547
                                                                                  Lafayette, CA  94549
LUQUE GERAGOS MARINO LLP
910 17th Street N.W., Suite 800
Washington, D.C. 20006                                         Bernard S. Grimm
Tel: 202.223.8888                                                    COZEN O'CONNOR
                                                                                  1627 I Street, NW
*Attorneys for Plaintiff Council on American-*         Suite 1100
*Islamic Relations*                                                     Washington, DC  20006
                                                                                  Tel. 202.912.4835

                                                                                  Martin Garbus
                                                                                  EATON & VAN WINKLE LLP

5

3 Park Avenue, 16th Floor
New York, NY 10016

*Attorneys for Defendants Paul David Gaubatz and Chris Gaubatz*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2009, I caused to be served a copy of **JOINT STATUS REPORT AND LCvR 16.3(d) REPORT** and all attachments thereto to be electronically filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Martin Garbus | Bernard S. Grimm |
| EATON & VAN WINKLE LLP | COZEN O'CONNOR |
| 3 Park Avenue, 16th Floor | 1627 I Street, NW |
| New York, NY 10016 | Suite 1100 |
| Tel. 212.779.9910 | Washington, DC 20006 |
| mgarbus@evw.com | Tel. 202.912.4835 |

Daniel Horowitz
P.O Box 1547
Lafayette, CA 94549
horowitz@whitecollar.us

/s/Tillman Finley
TILLMAN FINLEY