**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **COUNSEL ON AMERICAN-ISLAMIC RELATIONS ACTION NETWORK, INC., et al.** | ) ) | **CIVIL NO: 1:09-cv-02030-CKK** |
| *Plaintiffs*, | ) | |
| *-v.-* | ) | |
| | ) | |
| **PAUL DAVID GAUBATZ, et al.** | ) | |
| *Defendants.* | ) | |

**ANSWER OF DEFENDANTS PAUL DAVID GAUBATZ AND CHRIS GAUBATZ**
**TO SECOND AMENDED COMPLAINT**

Defendants, Paul David Gaubatz ("Dave Gaubatz") and Chris Gaubatz (collectively "Defendants" or "the Gaubatz's"), by and through their undersigned counsel, hereby answer Plaintiffs' Second Amended Complaint ("Complaint") and assert the following affirmative defenses as follows.

**INTRODUCTION**

1.     Paragraph 1 of the Complaint sets forth conclusions of law and characterizations of Plaintiffs' Complaint, to which no response is required. To the extent only that a further response is deemed required, Defendants' deny each and every factual allegation set forth in paragraph 1 of the Complaint.

2.     Defendants admit that Chris Gaubatz obtained an internship at an organization referred to as Counsel on American-Islamic Relations ("CAIR") located at 453 New Jersey Avenue S.E., Washington, D.C. 20003, under an alias, but deny all of the remaining allegations set forth in paragraph 2 of the Complaint.

3.     Defendants admit that Chris Gaubatz removed documents from CAIR's offices

("Documents") and obtained audio-video recordings of some conversations between Chris Gaubatz and others that took place at CAIR's offices ("Recordings"), but deny all of the remaining allegations set forth in paragraph 3 of the Complaint.

4.      Defendants admit that Dave Gaubatz provided some of the Documents to Defendant Center for Security Policy ("CSP") and that the Gaubatz's provided Recordings to CSP.  Defendants also admit that there was an agreement relating to the Recordings between Defendant Dave Gaubatz and CSP.  Defendants deny all remaining allegations set forth in paragraph 4 of the Complaint.

5.      Defendants admit that they have the Recordings and that Dave Gaubatz has published some of the Documents but deny all remaining allegations set forth in paragraph 5 of the Complaint.

6.      Defendants deny the allegations set forth in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      Paragraph 7 sets forth legal conclusions to which no legal response is required. To the extent that an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and on that basis deny such allegations.

8.      Paragraph 8 sets forth legal conclusions to which no legal response is required. To the extent that an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and on that basis deny such allegations.

9.      Paragraph 9 sets forth legal conclusions to which no legal response is required. To the extent that an answer is required, Defendants deny the allegations set forth in paragraph 8

of the Complaint.

## PARTIES

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and on that basis deny such allegations.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and on that basis deny such allegations.

12.     Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13.     Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint except to the extent that they are aware of an organization referred to as the Center for Security Policy with offices at 1901 Pennsylvania Avenue NW, Washington, D.C. 20006

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and on that basis deny such allegations.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and on that basis deny such allegations.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and on that basis deny such allegations.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and on that basis deny such allegations.

## FACTS

19.     Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint except they admit that Chris Gaubatz sought and obtained an internship at Council on American-Islamic Relations-Maryland, Inc. located in Herndon, Virginia ("CAIR-MD/VA"), on or about April 2008.

21.     Defendants admit that Chris Gaubatz sought an internship with CAIR on or about June 2008 after they learned that CAIR-MD/VA had closed but deny the remaining allegations set forth in paragraph 21 of the Complaint.

22.     Defendants admit the allegations set forth in paragraph 22 of the Complaint.

23.     Defendants deny that all of the representations set forth in paragraph 22 of the Complaint are false and therefore deny the allegations set forth in paragraph 23 of the Complaint.

24.     Defendants deny that all of the representations set forth in paragraph 22 of the Complaint are false and therefore deny the allegations set forth in paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26.     Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in paragraph 31 of the Complaint as it relates to their knowledge or action.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the Complaint, and on that basis deny such allegations.

32.     Defendants admit that Chris Gaubatz was a volunteer intern at CAIR until August 2008 and volunteered again over the Labor Day weekend in September 2008 but deny the remaining allegations set forth in paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to the knowledge of Plaintiffs set forth in paragraph 34 of the Complaint, and on that basis deny such allegations.  Defendants deny the remaining allegations set forth in paragraph 34 of the Complaint.

35.     Defendants admit that Dave Gaubatz and Chris Gaubatz each entered into an agreement with CSP relating to Recordings but deny the remaining allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     Defendants admit that during the course of Chris Gaubatz's internship with CAIR, Chris Gaubatz routinely accessed, inspected, and reviewed documents.  Defendants deny the remaining allegations set forth in paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants admit that Chris Gaubatz delivered Documents to Dave Gaubatz but deny the remaining allegations set forth in paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint.

– 5 –

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.     Defendants admit that Chris Gaubatz made Recordings using an inconspicuous recording device but deny the remaining allegations set forth in paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.     Defendants admit that they delivered some of the Documents and copies of the Recordings to CSP but deny the remaining allegations set forth in paragraph 44 of the Complaint.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, and on that basis deny such allegations.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, and on that basis deny such allegations.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, and on that basis deny such allegations.

48.     Defendants admit the allegations set forth in paragraph 48 of the Complaint.

49.     Defendants admit that Chris Gaubatz used the alias Dave Marshal but deny the remaining allegations set forth in paragraph 49 of the Complaint to the extent the allegations imply that the book referenced is a true and accurate of any facts relevant to this lawsuit.

50.     Defendants admit that the quotations referenced are accurate but deny the remaining allegations set forth in paragraph 50 of the Complaint to the extent the allegations imply that the quotations referenced are true and accurate.

51.     The allegations set forth in paragraph 51 characterize the contents of a book and as such the book speaks for itself and no response is required.  To the extent a response is required, Defendants admit that the book references some of the Documents and includes an appendix which reproduces some of the Documents.  Defendants deny the remaining allegations set forth in paragraph 51 of the Complaint.

52.     Defendants admit that some of the Documents bore markings as alleged in paragraph 52 of the Complaint but deny the remaining allegations set forth in paragraph 52 of the Complaint.

53.     The allegations set forth in paragraph 53 of the Complaint characterize the contents of a book and as such the book speaks for itself and no response is required.  To the extent a response is required, Defendants admit the book references emails and a number of addresses and phone numbers but deny the remaining allegations set forth in paragraph 53 of the Complaint.

54.     The allegations set forth in paragraph 53 of the Complaint characterize the contents of a book and as such the book speaks for itself and no response is required.  To the extent a response is required, Defendants admit the book references emails and memoranda between officials and employees of CAIR.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 54 of the Complaint, and on that basis deny such allegations.

55.     Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56.     Defendants admit the allegations set forth in paragraph 56 of the Complaint.

57.     Defendants admit that Dave Gaubatz has posted some of the documents and two audio recordings on his blog but deny the remaining allegations set forth in paragraph 57 of the

Complaint.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint, and on that basis deny such allegations.

59.     Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66.     Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in paragraph 68 of the Complaint.

**COUNT ONE: UNLAWFUL INTERCEPTION OF ORAL COMMUNICATIONS**

**(18 U.S.C § 2511 et. Seq., D.C. Code § 23-541 et seq.)**

69.     Defendants repeat and reassert the responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

70.     Defendants deny the allegations set forth in paragraph 70 of the Complaint.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint, and on that basis deny such allegations.

72.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 72 of the Complaint, and on that basis deny such allegations.

73.     Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in paragraph 74 of the Complaint.

75.     Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76.     Defendants deny the allegations set forth in paragraph 76 of the Complaint.

77.     Defendants deny the allegations set forth in paragraph 77 of the Complaint.

78.     Defendants deny the allegations set forth in paragraph 78 of the Complaint.

**COUNT TWO – ELECTRONIC COMMUNICATIONS PRIVACY ACT**

79.     Defendants repeat and reassert the responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

80.     Defendants deny the allegations set forth in paragraph 80 of the Complaint.

81.     Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in paragraph 85 of the Complaint.

**COUNT THREE - CONVERSION**

86.     Defendants repeat and reassert the responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

87.     Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88.     Defendants deny the allegations set forth in paragraph 88 of the Complaint.

89.     Defendants deny the allegations set forth in paragraph 89 of the Complaint.

90.     Defendants deny the allegations set forth in paragraph 90 of the Complaint.

## COUNT FOUR – BREACH OF FIDUCIARY DUTY

91.     Defendants repeat and reassert the responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

92.     Defendants deny the allegations set forth in paragraph 92 of the Complaint.

93.     Defendants deny the allegations set forth in paragraph 93 of the Complaint.

94.     Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95.     Defendants deny the allegations set forth in paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in paragraph 96 of the Complaint.

97.     Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in paragraph 99 of the Complaint.

## COUNT FIVE – BREACH OF CONTRACT

100.    Defendants repeat and reassert the responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

101.    Defendants deny the allegations set forth in paragraph 101 of the Complaint.

102.    Defendants deny the allegations set forth in paragraph 102 of the Complaint.

103.    Defendants deny the allegations set forth in paragraph 103 of the Complaint.

104.    Defendants deny the allegations set forth in paragraph 104 of the Complaint.

105.    Defendants deny the allegations set forth in paragraph 105 of the Complaint.

106.    Defendants deny the allegations set forth in paragraph 106 of the Complaint.

107.    Defendants deny the allegations set forth in paragraph 107 of the Complaint.

108.    Defendants deny the allegations set forth in paragraph 108 of the Complaint.

109.    Defendants deny the allegations set forth in paragraph 109 of the Complaint.

110.    Defendants deny the allegations set forth in paragraph 110 of the Complaint.

## COUNT SIX – TORTIOUS INTERFERENCE WITH CONTRACT

111.    Defendants repeat and reassert the responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

112.    Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113.    Defendants deny the allegations set forth in paragraph 113 of the Complaint.

114.    Defendants deny the allegations set forth in paragraph 114 of the Complaint.

115.    Defendants deny the allegations set forth in paragraph 115 of the Complaint.

116.    Defendants deny the allegations set forth in paragraph 116 of the Complaint.

## COUNT SEVEN - TRESPASS

117.    Defendants repeat and reassert the responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

118.    Defendants deny the allegations set forth in paragraph 118 of the Complaint.

119.    Defendants deny the allegations set forth in paragraph 119 of the Complaint..

120.    Defendants deny the allegations set forth in paragraph 120 of the Complaint.

121.    Defendants deny the allegations set forth in paragraph 121 of the Complaint.

122.    Defendants deny the allegations set forth in paragraph 122 of the Complaint.

123.    Defendants deny the allegations set forth in paragraph 123 of the Complaint.

124.    Defendants deny the allegations set forth in paragraph 124 of the Complaint.

125.    Defendants deny the allegations set forth in paragraph 125 of the Complaint.

126.    Defendants deny the allegations set forth in paragraph 126 of the Complaint.

## COUNT EIGHT – UNJUST ENRICHMENT

127.    Defendants repeat and reassert the responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

128.    Defendants deny the allegations set forth in paragraph 128 of the Complaint.

129.    Defendants deny the allegations set forth in paragraph 129 of the Complaint.

130.    Defendants deny the allegations set forth in paragraph 130 of the Complaint.

131.    The allegations set forth in paragraph 131 of the Complaint are not facts but legal or equitable assertions to which no response is required.  To the extent only that a further response is required, Defendants deny the allegations set forth in paragraph 131 of the Complaint.

## PRAYER FOR RELIEF

132.    Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief set forth in the Prayer for Relief paragraphs 1-13.

## AFFIRMATIVE DEFENSES

Defendants, while reserving the right to assert other defenses as discovery proceeds, and without assuming the burden of proof when the burden of proof rests on Plaintiffs, asserts the following separate and independent affirmative defenses in further opposition to Plaintiffs' Complaint:

1.    Plaintiffs fail to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred by the doctrine of assumption of risk.

3.    Plaintiffs' claims are barred because they expressly, impliedly, or constructively consented to all of the actions alleged in the Complaint.

4.    Plaintiffs' are barred from recovery because Plaintiffs have sustained no damages

as a result of any acts committed by Defendants.

5.      Plaintiffs' claims are barred, either in whole or in part, by the absence of subject matter jurisdiction.

6.      Plaintiffs failed to mitigate their damages, if any, and as a consequence thereof, Plaintiffs are not entitled to recover the amount of damages alleged, or any other damages.

7.      To the extend Plaintiffs have suffered any damages, they are the result of the Defendants' and/or third-parties' exercise of their respective First Amendment rights to Free Speech and as such, Plaintiffs are barred from asserting those damages.

8.      To the extent Plaintiffs have suffered any damages, the actions of Defendants are not the proximate cause of those damages.

9.      Plaintiffs' damages were caused by Plaintiff's contributory negligence.

10.     Plaintiffs lack standing to maintain the claims asserted in the Complaint.

11.     Plaintiffs' claims are barred by the equitable doctrine of waiver.

12.     Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

13.     Plaintiffs' claims are barred by the equitable doctrine of laches and/or ratification.

14.     Plaintiffs' claims in Count One as against Dave Gaubatz are barred by the statute referenced therein in that the statute does not permit civil recovery under a theory of secondary liability.

15.     Plaintiffs' claims in Count One are barred insofar as the federal and District of Columbia statutes referenced therein are facially unconstitutional and unconstitutional as applied to Defendants as violative of Defendants' Due Process rights and First Amendment rights to Free Speech and Free Association.  The federal statute as applied also violates the Commerce Clause.

16.     Plaintiffs' claims in Count Two as against Dave Gaubatz are barred by the statute

referenced therein in that the statute does not permit civil recovery under a theory of secondary liability.

17.     Plaintiffs' claims are barred insofar as the federal statute relied upon is facially unconstitutional and unconstitutional as applied to Defendants in that it is vague, overbroad, and violates the Commerce Clause.

WHEREFORE, Defendants respectfully pray that the Court:

1.     Dismiss Plaintiffs' Complaint with prejudice;

2.     Award Defendants their costs in defending this action, including reasonable attorney's fees; and

3.     Grant Defendants such other and further relief as the Court may deem proper.


Respectfully submitted,


_____/s/ Martin Garbus_____
Martin Garbus (admitted *pro hac vice*)
Eaton & Van Winkle LLP
3 Park Avenue, 16th Floor
New York, NY 10016
Tel: (212) 561- 3625
*Co-Counsel for Defendants Dave & Chris Gaubatz*


_____/s/ Dan Horowitz_____
Dan Horowitz (admitted *pro hac vice*)
Law Office of Daniel Horowitz
P.O. Box 1547
Lafayette, California 94549
Tel: (925) 283-1863
*Co-Counsel for Defendants Dave & Chris Gaubatz*

_____/s/ Bernard S. Grimm_____
Bernard S. Grimm (D.C. Bar No. 378171)
COZEN O'CONNOR
The Army and Navy Building
1627 I Street, N.W. Suite 1100
Washington, D.C. 20006
(202) 912-4835
(877) 260-9435 (facsimile)
bgrimm@cozen.com
*Local Counsel for Defendants Dave & Chris Gaubatz*