UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC | ) | |
| RELATIONS ACTION NETWORK, INC., | ) | Civil Action No. 09-cv-2030 (CKK-JMF) |
| et al. | ) | |
| | ) | Judge Colleen Kollar-Kotelly |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| PAUL DAVID GAUBATZ, et al. | ) | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f)") and Local Rule 16.3 ("LR 16.3"), Plaintiffs Council on American-Islamic Relations Action Network, Inc. and CAIR-Foundation, Inc. (collectively referred to as "CAIR Plaintiffs") and Defendants submit this joint report outlining the parties' discovery plan, agreements reached between the parties, matters upon which the parties disagree, and proposed scheduling orders.

A telephone conference between the parties was held on July 27, 2011, with the following participants:

1.      Nadhira Al-Khalili and Gadeir Abbas for CAIR Plaintiffs;

2.      Martin Garbus, Bernard Grimm, and David Horowitz for Defendants Paul David Gaubatz ("Dave Gaubatz") and Chris Gaubatz;

3.      Robert Muise and David Yerushalmi for the Center for Security Policy, Adam Savit, Christine Brim, and Sarah Pavlis (collectively referred to as "CSP Defendants").

Several email exchanges occurred between counsel for the parties to produce this Report. Consistent with LR 16.3(c), the parties jointly report to the court on their discussions as follows:

I.      **Brief Statement of the Case**

A.      **Plaintiffs' Statement:**

Plaintiffs allege that the originally named defendants, Dave Gaubatz and Chris Gaubatz, and the recently named CSP Defendants conceived and carried out a scheme to place Chris Gaubatz in an internship with CAIR under an assumed identity, which allowed him to remove and copy thousands of Plaintiffs' internal documents and to record private conversations involving Plaintiffs' employees without consent or authorization.

Chris Gaubatz gave the stolen documents to Dave Gaubatz, his father, who stored the documents in his home and began releasing them to the public though his personal webpage, or blog. Through a set of written and unwritten contractual agreements, Dave and Chris Gaubatz agreed to give copies of the internal documents and the recorded conversations to CSP Defendants.

In addition to giving copies of the video recordings to CSP, Dave Gaubatz also gave documents to Paul Sperry, who used them to write a book titled, *Muslim Mafia*. Dave Gaubatz and Chris Gaubatz have been promoting the sale of the book in multiple locations throughout the country. They continue to benefit from the theft of the documents, financially and otherwise.

All defendants have profited from the stolen documents and surreptitious recordings, both by enriching themselves financially and by publicizing themselves and their activities.

The court's jurisdiction over the federal claims is based upon 28 U.S.C. § 1331. The court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367. Plaintiffs' claims are based upon common law and the following statutes: 18 U.S. C. §2511 *et. seq.*, D.C. Code §§23-541 *et. seq.*, and 18 U.S.C. §2701(a).

**B.      Defendants' Statement:**

Defendants deny the allegations of wrongdoing, individually and collectively.  Generally, Defendants assert, *inter alia*, the following defenses: Plaintiffs have failed to properly allege a cause of action; they lack standing; they are guilty of fraud and misrepresentation; they have unclean hands for purposes of equitable relief, and they contributed to all or some of the damages they claim due to their own wrongful and/or negligent acts.  Further, Defendants will assert that Plaintiffs' claims are barred by laches, authority, ratification, and necessity. Specifically, Defendants assert the following:

1.      Chris Gaubatz gained access to Plaintiffs' offices legally and with valid authority. For the entire time he remained at Plaintiffs' offices, Chris Gaubatz had valid authority to be there.

2.      Chris Gaubatz had expressed, implied, legal, and/or constructive authority to take the documents he took.

3.      Chris Gaubatz was never a fiduciary of Plaintiffs.

4.      Chris Gaubatz never entered into a written or oral agreement of confidentiality.

5.      Chris Gaubatz never knowingly accessed an office computer, shared network, or computer server without valid authority.

6.      Chris Gaubatz never knowingly recorded conversations illegally or tortiously.

7.      None of the defendants aided and abetted or conspired with Chris Gaubatz or among themselves to commit any wrongful, illegal, or tortious act.

In addition, Defendants will assert several affirmative defenses, including, but not limited to, the fact that, at all relevant times, Plaintiffs were actively engaged in criminal conduct,

obstruction of justice, and misprision of felony, and that any and all actions of Defendants were legally authorized as a result.

Defendants will also assert the inapplicability of the federal statutes to secondary liability and will likely challenge the constitutionality of one or both of the federal statutes as applied in this matter.

Defendants deny any unjust enrichment and will assert, *inter alia*, First Amendment protections against any such claims.

Defendants also assert that Plaintiffs have suffered no cognizable damages.  Moreover, to the extent Plaintiffs even allege cognizable damages, there can be no proximate cause between what they claim to have suffered and the allegedly wrongful acts of Defendants.

## II.    DISCOVERY PLAN

The parties agree that discovery may begin immediately, except that the parties have agreed to begin depositions no earlier than September 2011.

**A. Rule 26(a)(1) Disclosures.**  Given the calendars of counsel for the parties and given the fact that the CSP Defendants were only recently served and are preparing their answer/response to the Second Amended Complaint, the parties agree that, subject to the court's approval, initial disclosures pursuant to Rule 26(a)(1) shall be exchanged no later than 30 days from the date of the submission of this report to the court.  The parties have agreed to preserve all of the documentary evidence, including all of the electronically stored information in their possession, custody, or control. The parties do not currently anticipate that any other changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

**B. General Discovery Matters.**

**1.  Fact Discovery on Liability and Damages.**

The parties agree that discovery is needed on the subjects of both liability and damages. Fact discovery should be completed by July 6, 2012.  Discovery should not be completed in phases.

The parties agree that electronically stored information should be produced in an electronic form.

The parties agree that they will draft a protective order that will cover claims of privilege and protection.  The parties will submit the order to the court for its endorsement.

**(a)  Plaintiffs' Fact Discovery.**

Plaintiffs believe that the written discovery and depositions allowed in the Federal and Local Rules are sufficient for both sides. At this time, Plaintiffs believe that expanding the discovery allowed in the Federal and Local Rules may be unnecessary, unduly burdensome, and invite harassment or abuse through pursuit of non-pertinent matters.

**(b)  Defendants' Fact Discovery.**

Defendants believe that changes should be made to the limitation of 10 depositions in this case given the number of parties and potential witnesses and the nature of the causes of action.

**2.  Rule 26(a)(2) Disclosure of Expert Testimony.**

The parties propose September 7, 2012, as the deadline by which each party must identify any expert witness whom the party may present at trial on an issue to which that party bears the burden of proof (case-in-chief experts).  The identification of any such witness shall comply with Rule 26(a)(2)(A) and (B).  Plaintiffs propose that expert discovery be conducted between September 7, 2012 and November 2, 2012, and that the disclosure of the identification of expert

witnesses (including written reports) that a party may offer to contradict or rebut the expert testimony identified by another party under Rule 26(a)(2)(B) be made by December 7, 2012. Discovery relating to any such rebuttal expert witnesses shall conclude by January 18, 2013.

## III.   LR 16.3 MATTERS

The parties hereby report to the court on the 14 matters listed in LR 16.3, as follows:

1.   *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The parties agree on a proposed deadline for filing dispositive motions of February 15, 2013.   However, as part of their answer/response to the Second Amended Complaint, CSP Defendants intend to file a motion to dismiss one or more claims pursuant to Rule 12(b)(6).  This motion will be filed on or before September 1, 2011, per the court's order.

2.   *The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.*

A. Plaintiffs' Position: The last date for joining any other parties or amending the pleadings should be March 2, 2012.

B. Defendants' Position: Defendants' oppose any further amendment to the pleadings except to preserve their respective rights to add a cross claim and/or third-party claim for contribution and/or indemnification.

3.   *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties do not agree to assigning the case to a magistrate judge at this time.

4.   *Whether there is a realistic possibility of settling the case.*

A. Plaintiffs' Position: Plaintiffs believe that there is a realistic likelihood of settlement and will consider any offers of settlement made by any of the defendants.

B. Defendants' Position: Defendants believe it is premature to discuss settlement.

5. *Whether the case could benefit from the court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

A. Plaintiffs' Position: Plaintiffs believe this case could be appropriate for ADR at a later point. Plaintiffs believe that any ADR process such as mediation or arbitration, for example, may be productive at a later point, but that Plaintiffs would like to complete discovery to better inform their position.

B. Defendants' Position: It is too early to assess the appropriateness of ADR.

6. *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

A. Plaintiffs' Position: Plaintiffs believe that portions of this case may be resolved through cross-motions for summary judgment.

B. Defendants' Position: Defendants believe that the filing of a motion to dismiss currently contemplated by CSP Defendants should be dispositive of the allegations of secondary liability under the federal statutes and possibly some of the common law claims. Depending upon the resolution of the motion to dismiss now contemplated by CSP Defendants, the court might lack subject-matter jurisdiction due to a lack of complete diversity. In addition, to the extent any claims survive a motion to dismiss filed by CSP Defendants, Defendants believe that

all of the remaining claims may be resolved by a motion for summary judgment filed by Defendants.

C. Joint Position: The parties propose a dispositive motion deadline of February 15, 2013. Opposition to the motions should be filed within 30 days, and any reply within 21 days of the opposition.

7.      *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

As described in Section II.A. above, the parties do not anticipate that any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a) except as set forth in Section II.A.

8.      *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The parties have set forth the mutually proposed discovery schedule above.

9.      *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

As outlined in Section II.B.3. above, the parties have agreed that discovery experts shall go forward in the manner set forth in Rule 26(a)(2). The parties have proposed a discovery plan that includes proposed dates for when depositions of experts should occur.

10.     *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This case is not a class action case.

11.     *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties agree that the trial and/or discovery need not be bifurcated or managed in phases.

12.     *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties propose a pretrial conference be tentatively scheduled for March 2013.  Such date may be altered if there remain dispositive motions pending before the court.

13.     *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that the court should set a trail date at the pretrial conference.  The case should be ready for trial at that time, and the parties agree that they will also have a better understanding of how many days the trial will take at that time.

14.     *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

None.

## IV.   PROPOSED SCHEDULING ORDER

The parties' Proposed Scheduling Order is attached as Exhibit 1.

Dated this _____ day of August, 2011.

Respectfully submitted,

s/ Nadhira Al-Khalili
Nadhira Al-Khalili (Bar No. 997827)
CAIR
453 New Jersey Avenue, S.E.
Washington, DC  20003
(202) 646-6034 (Phone)
nalkhalili@cair.com
*Counsel for CAIR Plaintiffs*

/s/ Daniel Horowitz
Daniel Horowitz
Admitted *Pro Hac Vice*
P.O Box 1547
Lafayette, CA  94549
horowitz@whitecollar.us
*Counsel for Gaubatz Defendants*

/s/ Bernard S. Grimm
Bernard S. Grimm (Bar No. 378171)
COZEN O'CONNOR
1627 I Street, NW
Suite 1100
Washington, DC  20006
Tel. 202.912.4835
Counsel for Gaubatz Defendants

/s/ Martin Garbus
Martin Garbus
Admitted *Pro Hac Vice*
EATON & VAN WINKLE LLP
3 Park Avenue, 16th Floor
New York, NY 10016
Tel. 212.779.9910
mgarbus@evw.com
*Counsel for Gaubatz Defendants*

/s/ David Yerushalmi
David Yerushalmi (Bar No. 978179)
P.O. Box 6358
Chandler, AZ 85246
david.yerushalmi@verizon.net
(646) 262-0500
*Counsel for CSP Defendants*

/s/ Robert J. Muise

Robert J. Muise (Court Bar No. MI 0052 )
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
Tel (734) 827-2001

11