**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC | ) | |
| RELATIONS ACTION NETWORK, INC., | ) | Civil Action No. 09-cv-2030 (CKK-JMF) |
| et al. | ) | |
| | ) | Judge Colleen Kollar-Kotelly |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| PAUL DAVID GAUBATZ, et al. | ) | |
| | | |
| Defendants. | | |

**JOINT DETAILED DISCOVERY PLAN**

**Introduction**.

The parties hereby submit this Proposed Joint Detailed Discovery Plan in accordance with the court's September 1, 2011 Order.  Counsel for the Council on American-Islamic Relations Action Network, Inc. and CAIR-Foundation, Inc. (collectively referred to as "Plaintiffs"); counsel for David Gaubatz and Chris Gaubatz (collectively referred to as "Gaubatz Defendants"); and counsel for the Center for Security Policy, Christine Brim, Adam Savit and Sarah Pavlis (collectively referred to as "CSP Defendants") conferred by telephone on September 16, 2011, and via various electronic mail exchanges in order to create the following plan.

This plan incorporates the fact that Robert Muise and David Yerushalmi, counsel for the CSP Defendants, are unavailable during September (litigation schedule) and October (Jewish religious observance for Mr. Yerushalmi, who is also general counsel for CSP) for discovery.

All parties do not agree to filing a Protective Order with the Court at this time, but will continue discussing the matter.  If the parties agree, they will submit a Stipulated Protective

Order on or about September 28, 2011.  Should the parties fail to agree to a Protective Order or any specific terms, any motions for entry of a global, prophylactic Protective Order shall be filed by October 7, 2011.  This requirement does not foreclose the parties from seeking specific protective orders in the future.  The Gaubatz Defendants have stated that they will not agree to a Protective Order.

### A.  Written Interrogatories pursuant to Fed. R. Civ. P. 33.

1.  Plaintiffs: Absent seeking leave of court, Plaintiffs will serve no more than 25 interrogatories on each of the defendants.  They anticipate serving their initial set of interrogatories no later than October 3, 2011.  The receiving party must serve its answers and any objections pursuant to Rule 33, except that the parties agree that CSP Defendants will not be available to respond to any discovery requests before November 30, 2011.

2.  Gaubatz Defendants: Per the court's Scheduling and Procedure Order, Gaubatz Defendants will serve no more than 25 interrogatories per party.  Gaubatz Defendants anticipate serving their first set of interrogatories on or about October 3, 2011.

3. CSP Defendants: Per the court's Scheduling and Procedure Order, CSP Defendants will serve no more than 25 interrogatories per party.  CSP Defendants anticipate serving their first set of interrogatories on or about November 4, 2011.

### B.  Request for Production of Documents pursuant to Fed. R. Civ. P. 34.

1.  Plaintiffs: Plaintiffs will serve initial requests for production of documents on each of the defendants no later than October 3, 2011. The receiving party must serve its responses and any objections pursuant to Rule 34, except that the parties agree that CSP Defendants will not be available to respond to any discovery requests before November 30, 2011.

2

2.  Gaubatz Defendants: Per the court's Scheduling and Procedure Order, Gaubatz Defendants will serve no more than 25 requests for production of documents per party.  Gaubatz Defendants anticipate serving their first requests for production of documents on or about October 3, 2011.

3.  CSP Defendants: Per the court's Scheduling and Procedure Order, CSP Defendants will serve no more than 25 requests for production of documents per party.  CSP Defendants anticipate serving their first requests for production of documents on or about November 4, 2011.

**C.  Electronic Information Disclosures Pursuant to Fed. R. Civ. P. 26(f).**

Each producing party will perform a reasonable search for documents (including electronic documents) responsive to the other party's requests, subject to the producing party's objections.  However, the parties do not agree on the format in which electronic documents should be produced.

Plaintiffs:  It is position of the Plaintiffs that all documents (electronic and paper) shall be produced in multi-page searchable Portable Document Format ("pdf").  Native files should be converted to .pdf format or printed and scanned as a .pdf image.  If a native file cannot be reasonably converted or represented by a printout (*e.g.* video and audio files), then a native file shall be produced.  In such instances, a slip-sheet shall be placed in the main image production, with the path to the native file identified on the slip-sheet.

Gaubatz Defendants: "Electronically stored information must be produced in native format with metadata intact."

CSP Defendants: CSP Defendants will reserve their position on this matter pending any relevant discovery request.

### D.  Inadvertently produced documents.

The parties agree that documents will be produced without any intent to waive privilege or protections; however, if a privileged document is inadvertently produced, a producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document.   Within five (5) business days, the receiving party must return the document (and any and all copies), certify that they have done so, and further certify either (1) that they have obtained and returned any and all copies of the document in the possession of any other person or party to whom they have conveyed it, or (2) that they have not distributed the document to any other person or party.  The receiving party shall not use any such document in the litigation or for any other purpose.  The receiving party may subsequently seek the production of the returned document by filing the appropriate motion after the document has been returned.

### E.  Privilege Logs.

The parties agree to make a good-faith effort to provide a privilege log within a reasonable time after service of documents responsive to document requests.  The parties further agree that they need not include in any privilege log documents or other things created after the date of the filing of this action or the date that the parties reasonably anticipated the filing of this action which constitute either (a) confidential communications exclusively between a party and its counsel related to this action and for the purpose of seeking legal advice which have not been conveyed or disclosed to any other person or party, or (b) confidential documents and things created by or for a party's counsel in anticipation of this action which have not been conveyed or disclosed to any other person or party. All other documents and things over which a party asserts

the attorney-client privilege, the attorney work product doctrine, or any other protection or privilege must be separately logged and described consistent with Rule 26(b)(5) and applicable case law.  The parties shall provide or make available all materials obtained from third parties pursuant to Rule 45.

### F.   Depositions Pursuant to Fed. R. Civ. P. 30.

Per the court's Scheduling and Procedure Order, each party will be permitted to take 10 depositions.  Each deposition shall be limited to a maximum of seven (7) hours, unless extended by agreement of the parties or court order.  The parties shall cooperate in the scheduling of the depositions.

Each party group will designate one attorney for one group to question each deponent. That attorney will take the lead in asking questions for all members of that group.  Per the Plaintiffs: "For example, either Mr. Horowitz or Mr. Garbus will perform deposition questioning or defense on behalf of the Gaubatz Defendants and either Mr. Yerushalmi or Mr. Muise will perform deposition questioning on behalf of the CSP Defendants.  Likewise, the CAIR Plaintiffs will only designate Ms. Al-Khalili to perform questioning and defense.  Naturally, each party may substitute counsel at a later time."  The parties agree to identify the corporate representative being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which the witness is being offered to testify at least five (5) days in advance of the deposition date.

1.   Plaintiffs plan to depose each of the named defendants and conduct Rule 30(b)(6) depositions of CSP and World Net Daily.  They reserve the remaining depositions for persons yet to be identified.  Provided Defendants have responded to Plaintiffs' discovery requests pursuant to this discovery plan, Plaintiffs will notice and schedule their depositions for December 2011, and January and February 2012.

2.   Gaubatz Defendants reserve depositions for persons yet to be identified and will also take the depositions of Frank Gaffney, Christine Brim, David Yerushalmi, Ibrahim Hooper, Rabiah Hamed, and Khadija Athman.   Additional deponents may be named as a result of discovery, including employees who worked at CSP during the relevant time period. The Gaubatz Defendants are prepared to begin depositions as soon as possible.

3.   CSP Defendants plan to depose each of the named Plaintiffs pursuant to Rule 30(b)(6), Paul David Gaubatz, Chris Gaubatz, Ibrahim Hooper, Nihad Awad, Rabiah Ahmed, Khadija Athman, Nadhira Al-Khalili, Khalid Iqbal, Omar Ahmad, Parvez Ahmed, Plaintiff's accountants, and former employees and board members of CAIR Maryland/Virginia.   Additional deponents may be named as a result of discovery, including interns and other employees who worked at Plaintiffs during the relevant time period.   Provided Plaintiffs have responded to CSP Defendants' discovery requests pursuant to this discovery plan, CSP Defendants plan to notice and schedule depositions for January, February, and March 2012.

The parties agree that depositions will continue day to day until completed so that if two parties notice the deposition of one deponent, they will complete the deposition in two continuous days, seven (7) hours per day.

**G.  Request for Admissions Pursuant to Fed. R. Civ. P. 36.**

Per the court's Scheduling and Procedures Order, the parties will serve no more than 25 requests for admissions per party.   The timing of these requests is to be determined.

**H.  Completion of expert witnesses discovery.**

Any expert who has been identified to give trial testimony may be deposed for up to seven (7) hours.   The parties shall cooperate in the scheduling of the depositions.   Each party

group will designate one attorney to question each deponent.  That attorney will take the lead in asking questions for all members of that group.

### I. Identification of expert witness, written reports of experts, Daubert Motions, and Motions in Limine.

The parties agree that all Daubert motions to exclude experts or expert testimony and all motions *in limine* shall be filed in time to be heard at least two (2) weeks before the trial date.  In advance of a hearing date, the parties involved shall prepare and submit a proposed briefing schedule.

### J. OTHER MATTERS.

The parties reserve their rights to any further discovery relevant to the claims and defenses in this matter, not yet anticipated, that may come to light during the course of discovery.  They agree when submitting or making a discovery request that they do so in good faith, pursuant to all local and federal rules of court.  The parties shall confer in good faith and in accordance with the local and federal rules of court prior to bringing any contested matter before the court.  A party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

The parties agree to accept service by e-mail of all discovery requests and written responses and other papers that are not filed.  The serving party shall attach the pleading or paper in .pdf.  If transmission of voluminous materials as an e-mail attachment is impractical, then those materials may be served by U.S. Mail or any other suitable courier, including hand delivery.

Dated September 21, 2011

Respectfully submitted,

s/ Nadhira Al-Khalili
Nadhira Al-Khalili (Bar No. 997827)

CAIR
453 New Jersey Avenue, S.E.
Washington, DC  20003
(202) 646-6034 (Phone)
nalkhalili@cair.com
*Counsel for CAIR Plaintiffs*

/s/ Daniel Horowitz
Daniel Horowitz
Admitted *Pro Hac Vice*
P.O Box 1547
Lafayette, CA  94549
horowitz@whitecollar.us
*Counsel for Gaubatz Defendants*

/s/ Bernard S. Grimm
Bernard S. Grimm (Bar No. 378171)
COZEN O'CONNOR
1627 I Street, NW
Suite 1100
Washington, DC  20006
Tel. 202.912.4835
Counsel for Gaubatz Defendants

/s/ Martin Garbus
Martin Garbus
Admitted *Pro Hac Vice*
EATON & VAN WINKLE LLP
3 Park Avenue, 16th Floor
New York, NY 10016
Tel. 212.779.9910
mgarbus@evw.com
*Counsel for Gaubatz Defendants*

/s/ David Yerushalmi
David Yerushalmi (Bar No. 978179)
P.O. Box 6358
Chandler, AZ 85246
david.yerushalmi@verizon.net
(646) 262-0500
*Counsel for CSP Defendants*

/s/ Robert J. Muise
Robert J. Muise
(Court Bar No. MI 0052 )
24 Frank Lloyd Wright Drive

8

P.O. Box 393
Ann Arbor, Michigan 48106
Tel (734) 827-2001
*Counsel for CSP Defendants*