**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

============================================================

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS ACTION NETWORK, INC., et al. | ) | |
| Plaintiffs, | ) | Civil Action No. 09-cv-2030 (CKK-JMF) |
| v. | ) | |
| | ) | Judge Colleen Kollar-Kotelly |
| PAUL DAVID GAUBATZ, et al. | ) | |
| Defendants. | ) | |

============================================================

**MOTION FOR EXTENSION OF DISCOVERY PERIOD**

Plaintiffs Council on American-Islamic Relations Action Network and CAIR-Foundation (hereinafter "CAIR") hereby request a short extension of the discovery period pursuant to Federal Rule of Civil Procedure 16(b)(4). The undersigned properly effected service of subpoenas seeking deposition testimony on two non-party witnesses. However, Plaintiffs were made aware that those witnesses were unavailable for deposition only on January 3, 2013. Plaintiffs seek a 30-day extension of the discovery period to depose these two witnesses, Mr. Paul Sperry and World Net Daily (WND).

Plaintiffs had sent opposing counsel subpoenas for the deposition testimony of Sperry and WND in November 2012, and service was completed. Plaintiffs sought to schedule the dates of those two depositions, and by email all counsel settled on January 16, 2013 for both depositions. Plaintiffs learned, however, on January 3, 2013, that Sperry and WND were not available on the agreed upon date, nor would they be available

before the end of the discovery period on January 18, 2013. Also on January 3, counsel for Sperry and WND—who are also counsel for Defendants David and Chris Gaubatz—took the position for the first time that service had not been effected on either Sperry or WND. Plaintiffs sought Defendants' consent to an extension of discovery to conduct Sperry and WND's deposition, but Defendants oppose Plaintiffs request.

Since March 2012, Plaintiffs have repeatedly attempted to schedule their depositions and Defendants have rebuffed those attempts. Since deciding to depose Sperry and WND in November 2012, Plaintiffs have zealously sought to schedule those depositions. Therefore, there is good cause to extend the discovery period to conduct these two depositions, and Plaintiffs respectfully ask the court to extend the discovery period to thirty days from the date of ruling on the instant motion.

## FACTUAL BACKGROUND

*Plaintiffs' Attempts to Schedule Depositions*

Plaintiffs have diligently pursued deposition scheduling throughout the discovery period, including the depositions of Sperry and WND. Plaintiffs have been attempting to schedule depositions in this matter since March 2012. Plaintiffs planned to begin the taking of their ten depositions by deposing named parties. Plaintiffs first sent a Notice of Deposition to all six opposing counsel for Defendant Christine Brim in March 2012, and added in the same email that Plaintiffs would also like to depose both Gaubatz Defendants and Defendant CSP. The undersigned counsel asked the attorneys to respond if the date suggested for the Brim deposition was amenable to them. (Attachment A, E-mail from Nadhira Al-Khalili, March 16, 2012, 2:14 pm.) None of the opposing counsel,

including Ms. Brim's three attorneys of record, responded to this email. (Attachment S, Attachment S, Declaration of Nadhira Al-Khalili ¶2.)

On August 29, 2012, the undersigned once again emailed all opposing counsel to remind them that notices of deposition were pending, and asking that they be taken "as soon as possible." (Attachment B, E-mail from Nadhira Al-Khalili, August 29, 2012, 6:20 pm.) Mr. David Yerushalmi, counsel for CSP Defendants, responded by asking for a meet and confer, because he wanted to maintain a prior agreement as to the order of the depositions to be taken. (Attachment C, E-mail from David Yerushalmi, August 29, 2012, 6:40 pm.) Mr. Yerushalmi appears to be leading the defense of this case on behalf of all Defendants. (Attachment S, Declaration of Nadhira Al-Khalili ¶3.)

By September 2012, the parties had still not managed to set any dates for depositions. After realizing that only a handful of months remained in the discovery period and none of the 20 depositions had been taken, the undersigned attorney sought to move the process forward by sending an email to all opposing counsel on September 6, 2012, attaching deposition subpoenas from Plaintiffs for both Gaubatz defendants and Defendant CSP. (Attachment D, at 1, E-mail from Nadhira Al-Khalili, September 6, 2012, 5:45 pm; Attachment S, Declaration of Nadhira Al-Khalili ¶5.) Plaintiffs suggested dates of September 17, 18, & 19, 2012. (Attachment D, at 2, E-mail from Nadhira Al-Khalili, September 6, 2012, 5:45 pm.)

The September 6, 2012, email further read:

> As of today, CAIR regrettably revokes any prior agreements we made regarding the scheduling of depositions. The *purpose of the agreement was to make the taking of depositions go quickly and smoothly*, but so far, this has not happened. No depositions have been taken and according to the federal discovery rules, discovery does not need to take place in any particular order. Thus, we attach three notices of depositions with dates

> that corresponded to the prior subpoenas and ask counsel for the Gaubatzes to please confirm their availability for the depositions for September 17th and 18th prior to the next meet and confer. Counsel for CSP should confirm their availability for the 19th prior to the next meet and confer.

*Id.* (emphasis added). Plaintiffs' counsel's intention was to take a number of depositions first and use the remaining months to take the remainder of the depositions. (Attachment S, Declaration of Nadhira Al-Khalili ¶5.)

That same day, Mr. Garbus, counsel for the Gaubatz defendants, responded to all of the other attorneys that he was unavailable for depositions until the end of October. (Attachment D, at 1, E-mail from Martin Garbus, September 6, 2012, 5:51 pm.) In addition, on September 14, 2012, counsel for CSP Defendants David Yerushalmi explained that the proposed depositions dates would not work because of religious holidays, that he was unavailable until October 9, that Mr. Garbus was unavailable under November 1, and that Defendant Christine Brim was unavailable until November 1, 2012. (Attachment E, at 7, E-mail from David Yerushalmi, September 14, 2012, 10:10 am.) Mr. Yerushalmi maintained that all depositions in the matter must be conducted in a specified order of Plaintiffs' witnesses, followed by Gaubatz Defendants, and ending with other Defendants and Defendants' witnesses. (*Id.*) In that email, Mr. Yerushalmi also suggested October 27, 2012 as the date for an omnibus meet-and-confer to discuss several issues before scheduling depositions. The undersigned responded that Plaintiffs would like to have at least three depositions taken by a November 5, 2012 status conference, and that October 27, 2012 was too late for the meet-and-confer. (Attachment E, at 1, E-mail from Nadhira Al-Khalili, September 18, 2012, 12:33 pm.)

To once again attempt to facilitate depositions in this matter, the undersigned proposed a conference call to set all deposition dates on November 5, 2012. (Attachment F, E-mail from Nadhira Al-Khalili, November 5, 2012, 4:54 pm.)

*Plaintiffs' Scheduling of Depositions of Sperry and WND*

Plaintiffs have been seeking the depositions of Mr. Paul Sperry and World Net Daily (WND) since November 2012. These two witnesses are important to understanding the circumstances surrounding the publication of the book Muslim Mafia and the proceeds from that book; Mr. Sperry authored the book, and World Net Daily published the book. (Attachment S, Declaration of Nadhira Al-Khalili ¶9.)

On November 20, 2012, the undersigned sent an email to all opposing counsel proposing dates for depositions in December. (Attachment G, E-mail from Nadhira Al-Khalili, November 20, 2012, 6:31 pm.) This email proposed a December 18 deposition date for Paul Sperry. (*Id.* at 1.) That same day, Martin Garbus, counsel for Gaubatz defendants, responded to the email to all counsel, "I would like you to take my clients and Sperry the week of the 17th." (Attachment H, E-mail from Martin Garbus, November 20, 2012, 8:27 pm.) Mr. Garbus represents WND as well. (Attachment K, E-mail from Martin Garbus, November 29, 2012, 9:54 pm.) Thus the undersigned took Mr. Garbus's email to mean that Mr. Garbus was looking to schedule Sperry's, WND's, and the Gaubatzes' depositions the week of December 17, and would accept service on their behalf. (Attachment S, Declaration of Nadhira Al-Khalili ¶¶6-7.)

On November 21, 2012, the undersigned asked Martin Garbus, counsel for Gaubatz defendants, in an email:

> Mr. Garbus, do you represent Mr. Sperry and/or World Net Daily? We would like to serve them with third party discovery requests.
> Is Mr. Yerushalmi's last email correct, that you will no longer make the Gaubatzes and Mr. Sperry available for deposition the week of the 17th?

(Attachment I, E-mail from Nadhira Al-Khalili, November 21, 2012, 1:39 pm.) Having not received a response, the undersigned sent Mr. Garbus a followup email on November 29, 2012, asking:

> Dear Mr. Garbus. Did you have an opportunity to review my email below? CAIR needs to serve MR. Sperry and World Net Daily with discovery requests. Do you represent them and will you accept service on their behalf?

(Attachment J, E-mail from Nadhira Al-Khalili, November 29, 2012, 6:03 pm.) That same day, Mr. Garbus sent an email that said

> Yes, we will represent them
> Let me get back to you

(Attachment K, E-mail from Martin Garbus, November 29, 2012, 9:54 pm.) The undersigned responded on November 30 with subpoenas for deposition of Sperry and WND attached:

> Ok, thank you.
> Are you authorized to accept subpoenas for them? If so, please find them attached. If not, please let me know ASAP.
> The dates suggested are placeholders.

(Attachment L, at 1, E-mail from Nadhira Al-Khalili, November 30, 2012, 4:40 pm.) The subpoenas suggested January 8, 2013 for WND, and December 19, 2012 for Sperry. (Attachment L, at 2, Subpoena to World Net Daily; Attachment L, at 4, Subpoena to Paul Sperry.) The undersigned did not hear from Mr. Garbus on this issue for the entire month of December, and thus assumed in accordance with her instructions the email that service on Mr. Sperry and WND had been effected. (Attachment S, Declaration of Nadhira Al-Khalili ¶ .) In fact, Mr. Garbus's one-sentence email response on December 1, 2012 was

"We are looking at Your and David's schedule," leading the undersigned to understand that service was accepted, but the only matter left undecided were the dates of the depositions. (Attachment M, E-mail from Martin Garbus, December 1, 2012, 7:27 pm; Attachment S, Declaration of Nadhira Al-Khalili ¶7.) The undersigned also assumed that Garbus accepted service for Mr. Sperry and WND in light of his earlier suggestion to schedule both depositions the week of December 17. (Attachment H, E-mail from Martin Garbus, November 20, 2012, 8:27 pm.)

All counsel proceeded as if service had been effected on Mr. Sperry and WND. On December 3, 2012, counsel for Plaintiffs Gadeir Abbas sent an email to all counsel proposing a deposition schedule. This schedule listed WND for January 9, and Sperry for either December 27 or January 7. (Attachment N, at 1, E-mail from Gadeir Abbas, December 3, 2012, 11:28 am.) Mr. Yerushalmi sent an email indicating that he would confer with counsel and respond later on the proposed dates, but that he did not mind "trying to squeeze in third parties." (Attachment O, at 1, E-mail from David Yerushalmi, December 3, 2012, 11:46 am.) Mr. Abbas responded by asking to depose WND and Sperry in December. (Attachment O, at 1, E-mail from Gadeir Abbas, December 3, 2012, 12:15 pm.) Mr. Yerushalmi answered to that suggestion, "that is probably workable." (Attachment O, at 1, E-mail from David Yerushalmi, December 3, 2012, 12:22 pm.) On December 5, 2012, Mr. Yerushalmi responded with a revised deposition schedule listing January 16 as the date for both Mr. Sperry and WND. (Attachment P, E-mail from David Yerushalmi, December 5, 2012, 8:56 pm.)

The parties exchanged no less that 10 emails between December 1 and December 24, 2012 regarding the setting, locations, and other logistics of depositions; not one of

Defendants' attorneys raised any issue with the service of World Net Daily and Paul Sperry during the month of December. (Attachment S, Declaration of Nadhira Al-Khalili ¶7.)

On January 3, 2013, Mr. Garbus emailed the undersigned, saying "I am advised that neither Sperry or Farah or WDN Were ever served for any deposition in this matter." (Attachment Q, E-mail from Martin Garbus, January 3, 2013, 9:48 am.) This was the first time the undersigned heard any claims that service on Mr. Sperry and WND was insufficient. (Attachment S, Declaration of Nadhira Al-Khalili ¶8.) Mr. Garbus sent the undersigned the following email later that day:

> Joseph Farah will not be in the country on January 16. I think we will have to set another date.
> I will accept service for him and WDN.

(Attachment R, E-mail from Martin Garbus, January 3, 2013, 10:19 am.) Joseph Farah is the representative of World Net Daily. This was the first time the undersigned was informed that Mr. Farah was unavailable to be deposed, despite the date for his deposition being set on December 5, 2012. (Attachment S, Declaration of Nadhira Al-Khalili ¶8.)

Plaintiffs effected service on key witnesses Sperry and World Net Daily, and they were prepared to depose both of them on January 16, 2013. It was only on January 3, 2013, after over one month of allowing Plaintiffs to believe otherwise, that opposing counsel, for some unarticulated reason, was declining to accept service on behalf of Paul Sperry and World Net Daily. Plaintiffs' counsel has asked opposing counsel to agree to a short extension of the discovery period solely for the purpose of taking these two depositions, but they have refused.

**ARGUMENT**

Under Fed. R. Civ. P. 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." *Id.* "[T]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite [its] diligence.'" *Capitol Sprinkler Inspection, Inc. v. Guest Servs.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)) (other internal quotations omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Barnes v. District of Columbia*, 2012 U.S. Dist. LEXIS 133764 at *41-42 (D.D.C. Sept. 19, 2012) (quoting *Johnson v. Mammoth Recreations,* 975 F.2d 604, 609 (9th Cir. 1992)). Discovery matters are subject to the sound discretion of the trial court. *Food Lion, Inc. v. United Food and Commercial Workers Int'l Union,* 103 F.3d 1007, 1012 (D.C. Cir. 1997). For example, a court may grant a discovery extension where the party requesting the extension has acted with reasonable diligence and the opposing party may have obstructed efforts to get discovery. *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133 at *14 (D.D.C. 2012).

The D.D.C. has found "good cause" to extend a discovery period under Rule 16(b) where the requesting party was reasonably diligent in seeking the requested discovery, where the party "made several attempts to schedule the depositions within the time permitted," provided a draft deposition notice within the discovery period, and provided proposed dates for a deposition consistent with the parties' agreed-upon informal approach to discovery. *Id.* at *16-*18.

Here, there is good cause to extend the discovery period for the purpose of deposing two key witnesses. These two witnesses are expected to have material evidence with respect to Plaintiffs' claims. Sperry authored the book Muslim Mafia with and had access to the materials subject to this court's pending protective order. Because of the late dates that opposing counsel made their deponents available, Plaintiffs only learned this week that Sperry was the sole author of the book. WND is the company that published the book Muslim Mafia, and through the deposition of Chris Gaubatz on January 10, 2013, Plaintiffs now have reason to believe that WND had access to materials subject to the protective order as early as the summer of 2008.

In addition, there is good cause to extend the discovery period for these two depositions because, as in *United States v. Kellogg Brown & Root*, Plaintiffs have been diligent in pursuing discovery and scheduling these depositions, provided deposition notices within the discovery period, and provided proposed dates for these depositions. Plaintiffs had been trying to schedule depositions since March 2012, suggesting dates in August, September, and November 2012, offering complete availability for December 2012. Defendants, however, made witnesses unavailable until November 1, and ultimately only suggested dates in the last two weeks of the discovery period. (Attachment D at 7, Attachment P at 1.) Plaintiffs sent opposing counsel subpoenas with suggested deposition dates for Sperry and WND in November, 2012. (Attachment L.) Plaintiffs sent emails to facilitate depositions of Sperry and WND on November 21, 29, and 30th. (Attachments I, J, & L.) After November 30th, Plaintiffs served the subpoenas and finalized dates. In addition, Plaintiffs believed reasonably that service on these witnesses had been effected, since in accordance with their November 30 email, they

were anticipating a response from opposing counsel if service had not been effected. (Attachment L.) It was only on January 3, 2013 that the undersigned heard any claims of improper service or learned that WND's representative, Mr. Farah would be out of the country on the scheduled deposition date of January 16, 2013. (Attachments Q & R.) On that date, Mr. Garbus did indicate that he was accepting service on behalf of WND. (Attachment R.)

In short, there is good cause for a brief extension of the discovery period to facilitate depositions of Paul Sperry and WND. Plaintiffs have consistently and diligently sought to schedule all depositions in this matter, and sought to schedule depositions for Sperry and WND with reasonable diligence in November 2012. Plaintiffs believed reasonably that service on these two witnesses had been effected, and that these witnesses were available to be deposed on January 16, 2013. Plaintiffs only learned on January 3, 2013 that 1) WND's representative, Mr. Farah, was unavailable to be deposed before the end of discovery on January 18, and 2) there was any claim as to improper service on Mr. Sperry or WND. Plaintiffs also note that Mr. Garbus, counsel for these witnesses, assented to service of the notices of deposition on WND on January 3, 2013. (Attachment R.)

## CONCLUSION

For these reasons, Plaintiffs request a short extension of the discovery period for the sole purpose of deposing these two witnesses. These two depositions can both be conducted in one day. The extension of discovery sought by Plaintiffs is short – thirty days from the date of ruling on the instant motion – enough time to allow the scheduling

of a deposition after Mr. Farah of WND has returned from his trip abroad and Plaintiffs can serve Mr. Sperry.

Dated: January 18, 2013

Respectfully submitted,

__________/S/__________________
Nadhira Al-Khalili, Esq.
*Attorneys for Plaintiffs Council on American-Islamic Relations Action Network, Inc. and CAIR-Foundation, Inc.*

**MEET AND CONFER STATEMENT**

Plaintiffs' counsel has conferred with counsel for all Defendants about the relief sought in the instant motion. Counsel for none of the Defendants agree to the relief requested herein.

__________/S/__________________
Nadhira Al-Khalili, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2013, I caused to be served a copy of the foregoing and any attachments thereto to be electronically filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this case. In addition, I hereby certify that I have caused to be served by e-mail a copy of same upon the following, who is not registered with the Court's CM/ECF system:

Martin Garbus
EATON & VAN WINKLE LLP
3 Park Avenue, 16th Floor
New York, NY 10016
Tel. 212.779.9910
mgarbus@evw.com

_________/S/_______________
Nadhira Al-Khalili