## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COUNCIL ON AMERICAN-ISLAMIC
RELATIONS ACTION NETWORK, INC., *et al.*,

               Plaintiffs,

    -v.-

PAUL DAVID GAUBATZ, *et al.*,

               Defendants.

CIVIL NO: 1:09-cv-02030-CKK-JMF

## JOINT STATUS REPORT

Plaintiffs and Defendants hereby submit the following joint status report pursuant to the Court's September 25, 2015, Minute Order:

**Plaintiffs' Position:** Plaintiffs believe that this case should be set for trial. Plaintiffs just filed a motion seeking to reopen discovery for the limited purpose of naming expert witnesses to present evidence on damages related to the reputational harm suffered by Plaintiffs as a result of the remaining counts alleged in the complaint. (Pls.' Mot. to Reopen Discovery [Dkt. Entry 220]). Plaintiffs' position is that if discovery is reopened but limited to a period of 90 days, which Plaintiffs believe would be sufficient to name experts and take depositions, a trial date would not be affected given the Court's very busy docket.

**Defendants' Position:** Plaintiffs' eleventh hour motion is on its face frivolous, for both substantive and procedural reasons. Substantively, given this Court's previous rulings on damages and especially in light of Plaintiffs' previous abandonment of reputational harm damages, the proposed motion is contrary to the law of the case and the facts. *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 82 F. Supp. 3d 344, 354 (D.D.C.

2015). Procedurally, what possible "good cause" is there to explain such a request at such a late date on the eve of pre-trial and trial proceedings? This is especially true given this Court's explanation of its earlier denial of Plaintiffs' request to extend discovery. (Feb. 8, 2013 Order [Dkt. Entry 147]).

In context of this joint status report, Plaintiffs suggest that such a motion would have no impact on pre-trial and trial scheduling. They are mistaken. First, such a motion would need to be briefed and then decided by this Court. Second, if for some unknown reason this Court would grant such a motion, Plaintiffs' experts would have to provide a report. Defendants would have to retain their own experts on this matter and possibly other related matters to challenge and to impeach Plaintiffs' experts. After Defendants' experts drafted and finalized their opposing reports, the parties would have to schedule depositions of all experts. Given the number of moving parts for such scheduling, this process alone could take several months. During the course of expert testimony, there might very well be motion practice relating to attorney-client privilege and/or work-product doctrine. Moreover, to the extent that Plaintiffs' experts rely on certain "facts" relayed to them by Plaintiffs, Defendants might be in the position of asking this Court to allow additional depositions of Plaintiffs to get at the basis for these newly alleged facts.

In short, Plaintiffs' position that reopening discovery even for a limited time and limited purpose would neither prejudice Defendants nor hinder the scheduling of pre-trial and trial logistics is without any support.

Thus, Defendants' position is that Plaintiffs' proposed motion is frivolous if not sanctionable and should be denied outright. Further, Plaintiffs believe this Court should set a pre-trial conference date to discuss, *inter alia*, the following issues:

- Length of trial; number of witnesses; types and quantity of exhibits;

- Dates for:

  o exchanging of witness lists;

  o filing motions-in-limine;

  o submitting trial stipulations as to facts and exhibits;

  o submitting proposed jury instructions;

  o trial; and

  o filing an application for attorneys' fees on Defendants' successful

    defense against Plaintiffs' contract and D.C. Trade Secret claims.

Dated: October 14, 2015

Respectfully submitted,

*/s/ Haytham Faraj*
Haytham Faraj
105 W Adams St. Suite 2150
Chicago, IL 60603
(312) 635-0800
Haytham@farajlaw.com

*/s/ David Yerushalmi*
David Yerushalmi, Esq. (DC Bar No. 978179)
LAW OFFICES OF DAVID YERUSHALMI, P.C.
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20001
david.yerushalmi@verizon.net
Tel: (646) 262-0500; Fax: (801) 760-3901
*Lead Counsel for Defendants Center for Security*
*Policy, Christine Brim, Adam Savit, Sara Pavlis, and*
*SANE*

*/s/ Robert J. Muise*
Robert J. Muise, Esq. (D.C. Court Bar No. MI 0052)
AMERICAN FREEDOM LAW CENTER
P.O. Box 131098
Ann Arbor, Michigan 48113
Tel (734) 635-3756 / Fax (801) 760-3901

rmuise@americanfreedomlawcenter.org
*Co-Counsel for Defendants Center for Security Policy,*
*Christine Brim, Adam Savit, Sara Pavlis, SANE, and*
*David Yerushalmi*
*/s/ J. Thomas Smith*
J. Thomas Smith (admitted *pro hac vice*)
J. THOMAS SMITH ATTORNEY AT LAW
2020 Fieldstone Parkway, Suite 900-264
Franklin, TN 37069-4337
Tel: (615) 790-2150
jthomsmith@gmail.com
*Co-Counsel for Defendants Center for Security Policy,*
*Christine Brim, Adam Savit, Sara Pavlis, and SANE*


*/s/ Martin Garbus*
Martin Garbus (admitted *pro hac vice*)
Eaton & Van Winkle LLP
3 Park Avenue, 16th Floor
New York, NY 10016
Tel: (212) 561- 3625
mgarbus@evw.com
*Co-Counsel for Gaubatz Defendants*


*/s/ Dan Horowitz*
Dan Horowitz (admitted *pro hac vice*)
Law Office of Daniel Horowitz
P.O. Box 1547
Lafayette, California 94549
Tel: (925) 283-1863
horowitz@whitecollar.us
*Co-Counsel for Gaubatz Defendants*


*/s/ J. William Eshelman*
J. William Eshelman  (D.C. Bar No. 141317)
1747 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
Tel: 202- 454-2830
WEshelman@butzeltp.com
*Co-Counsel for Gaubatz Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: none.


*/s/ Haytham Faraj*