UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS ACTION NETWORK, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PAUL DAVID GAUBATZ, *et al.*, <br><br> Defendants. | Civil Action No. 09-02030 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(March 26, 2018)

Pending before this Court are the [247] Gaubatz Defendants' Motions *in Limine* ("Motions"), containing seven motions *in limine* presented in summary form, and the [252] Plaintiffs' Responses to Gaubatz Defendants' Motions *in* Limine ("Responses"), equally in summary form. The Gaubatz Defendants ("Defendants") did not file a reply to the Plaintiffs' Responses. The Court will address the seven motions contained in the [247] Motions in the order in which they were presented by Defendants.

Motion *in Limine* No. 1

Defendants seek to preclude Nadhira Al-Khalili, former in-house legal counsel to CAIR-F, from testifying regarding the contents of the video recordings made by Chris Gaubatz.[1] Defendants rely on a stipulation proffered by Ms. Al-Khalili during her deposition that "she would not offer any testimony regarding her viewing of the video recordings made by Chris Gaubatz."

---

[1] This identification of Ms. Al-Khalili's role is taken from the [239] Joint Pretrial Statement. *See* ECF No. 239 at 31.

*See* Motions at 2. Defendants indicate that based on that stipulation, they declined to further question Ms. Al-Khalili regarding this topic. *See id.* Defendants would thus be prejudiced by their reliance on Ms. Al-Kahlili's stipulation if she were to testify at trial regarding the contents of the video recordings.

Plaintiffs agree that Ms. Al-Khalili "will not testify as to her review of any of the audio-video recordings made by Chris Gaubatz" but assert that this should not preclude Ms. Al-Khalili from testifying as to her memory of actual events, as opposed to her review of the audio-video recordings. *See* Responses at 1. Because Plaintiffs have agreed that Ms. Al-Khalili will not address the <u>contents</u> of the audio-video recordings, which seems to be the focus of Defendants' motion *in limine*, Defendants' Motion *in Limine* No. 1 shall be DENIED AS MOOT. Ms. Al-Khalili is not precluded from testifying as to her memory of actual events.

Motion *in Limine* No. 2

Defendants request that this Court bar statements by Nihad Hammad or others on his behalf, which claim that "CAIR is like African American Civil Rights organizations and/or Mr. Hammad like Martin Luther King, Jr."[2] *See* Motions at 3. Defendants claim that because these statements are "emotionally loaded" and they "strongly favor" the Plaintiffs, they should be disallowed pursuant to Federal Rule of Evidence 403, which addresses the exclusion of evidence based on prejudice or confusion. In support thereof, Defendants cite to deposition testimony by Mr. Hammad whereby he states that CAIR is a civil rights organization working on Muslim civil rights, and indicates his admiration for his "role model," Martin Luther King. *See* Motions at 4-5, citing Hammad deposition.

---

[2] Mr. Hammad is the founder of CAIR-AN and current Executive Director of CAIR-F. *See* Joint Pretrial Statement at 31.

Plaintiffs contend that if Defendants ask CAIR witnesses about the CAIR organization and its purposes, the witnesses should be able to respond that it is a civil rights group. The Court declines to preclude statements by CAIR witnesses that compare the organization to other civil rights organizations, in the context of such witnesses proffering their <u>opinion</u> as to the organization and its purposes. Accordingly, Defendants' Motion *in Limine* No. 2 shall be DENIED.

<u>Motion *in Limine* No. 3</u>

Defendants seek to require witnesses to refer to CAIR-F and CAIR-AN rather than CAIR or CAIR-National, consistent with the manner in which this Court has characterized the two CAIR entities operating out of Washington, D.C. Defendants recognize an exception for people who "do not know the difference between the "CAIR" entities with the effect that their reference to "CAIR" is necessarily generic." *See* Motions at 7. Plaintiffs contend that this request is overly broad and thus, unenforceable, and they assert that Defendants may question witnesses regarding any generic reference to CAIR.

The Court finds that resolution of this motion requires an equal burden on counsel for the parties and the witnesses. First, counsel shall attempt to structure their questions to specify the CAIR entity at issue, if the question relates to one of the CAIR entities and not the other. Second, the witnesses shall be instructed by counsel to make distinctions between the CAIR entities if they are only speaking about one entity or the other, to the extent that such witnesses can distinguish between CAIR-F and CAIR-AN in response to questions. These practices are to ensure that the record in this case is clear and limit the number of objections at trial. The Court notes that CAIR-F and CAIR-AN are the abbreviations that will be used throughout the trial. Accordingly, Defendants' Motion *in Limine* No. 3 is GRANTED IN PART AND DENIED IN PART.

Motion *in Limine* No. 4

Defendants request that the Court require that non-D.C. based CAIR entities be referenced by their location, such as CAIR-Maryland and CAIR-Virginia, in order to avoid confusion. Plaintiffs assert that because there is no explanation offered for the request other than the need to maintain corporate distinctions, it should be denied.

The Court finds Plaintiffs' response to Defendants' request non-responsive as it seems obvious on its face that Defendants seek to avoid confusion regarding the various CAIR entities. Nor have Plaintiffs indicated that this request imposes any undue burden on counsel or the witnesses. Accordingly, Defendants' Motion *in Limine* No. 4 is GRANTED.

Motion *in Limine* No. 5

Defendants request that counsel not be permitted to use "'spirited' dialog" during questioning, such as characterizing documents as "stolen." *See* Motions at 9. In support of Motion No. 5, Defendants provide the Court with three examples, two of which involve witness proffers made by Plaintiffs and which use the term "stolen," and one which states that "Chris Gaubatz was given access to confidential, proprietary, and trade secret information about CAIR. . .," a statement made in the context of Plaintiffs' motion for summary judgment. *See* Motions at 9-10.

Plaintiffs argue that this request not only seeks to preclude them from using the term "stolen" when referring to the documents taken from CAIR's offices, but it also seeks to limit the use of other "adjectives" by Plaintiffs, who should not be expected to comply with a request that does not specify with sufficient clarity such other adjectives. Plaintiffs argue that they should be able to use the word "stolen" as "even Chris Gaubatz does not deny that he stole certain documents." *See* Responses at 3.

For purposes of this Motion *in Limine* No. 5, the Court confines its ruling to the examples provided by Defendants. The Court shall grant Defendants' Motion *in Limine* No. 5, with regard to prohibiting the use of the word "stolen" when discussing the documents taken by Chris Gaubatz, because this term involves a legal conclusion and its use is prejudicial to the Defendants. With regard to the third example provided by Defendants, which discusses "confidential, proprietary, and trade secret information," the Court sees no reason to prohibit Plaintiffs' witnesses from describing their documents in this manner, recognizing that Defendants may cross-examine such witnesses regarding the type of documents which were taken by Chris Gaubatz. Defendants' Motion *in Limine* No. 5 is thereby GRANTED IN PART AND DENIED IN PART.

Motion *in Limine* No. 6

Defendants seek to prohibit generic references to "CAIR employees" by witnesses as opposed to such witnesses specifying which employees performed which actions. Defendants provide several examples of use of the term "CAIR employees," in the context of Plaintiffs' briefing on summary judgment and in certain exhibits. Defendants acknowledge however that the terms "CAIR employees" and "CAIR staff" may be used during opening and/or closing arguments. Plaintiffs assert that this request, as written, is too broad to be enforced, and any deficiencies can be cured through cross-examination of a witness.

Similar to the rationale used to resolve Defendants' Motion *in Limine* No. 3 herein, resolution of this motion requires an equal burden on counsel for the parties and the witnesses to avoid conflating CAIR employees with the CAIR entities. First, counsel shall attempt to structure their questions to ascertain the CAIR employees who performed various actions, or to ask follow-up questions on direct or cross-examination to clarify which CAIR employees are responsible for which actions. Second, witnesses shall be instructed by counsel to specify the CAIR employees'

names instead of using the generic term "CAIR employees," when they have such knowledge, in response to questions. These actions will aid in limiting objections at trial and help to ensure that the record in this case is clear. Accordingly, Defendants' Motion *in Limine* No. 6 is GRANTED IN PART AND DENIED IN PART.

Motion *in Limine* No. 7

Defendants request that the Court pre-instruct the jury that there are no claims for libel, slander, or reputational damage, on grounds that the jury will be confused if there is no pre-instruction because "[t]his case seems like a libel/slander case to the average person." *See* Motions at 13. Plaintiffs argue that such "pre-instruction" will "prime the jury into believing that the unfounded allegations made against CAIR are in fact true, based on the 'absence of allegations of libel/slander.'" *See* Responses at 4.

The Court finds that it would confuse the jury to pre-instruct them about claims that do not exist in this case and thus, declines to give such pre-instruction, and therefore, Defendants' Motion *in* Limine No. 7 is DENIED. The Court does caution the parties not to use words such as libel or slander or reputational damage during opening, closing or in questioning witnesses as this case does not involve those claims, and those words have a legal meaning. Accordingly, it is this 26th day of March, 2018, hereby

ORDERED that Defendants' [247] Motions *in Limine* is GRANTED IN PART and DENIED IN PART. Specifically, Defendants' Motion *in Limine* No. 4 is GRANTED; Defendants' Motions *in Limine* Nos. 2 and 7 are DENIED; Defendants' Motion *in Limine* No. 1

is DENIED AS MOOT; and Defendants' Motions *in Limine* Nos. 3, 5, and 6 are GRANTED IN PART AND DENIED IN PART.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge