IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS ACTION NETWORK, INC., *et al.*,<br><br>   Plaintiffs,<br><br> -v.-<br><br>PAUL DAVID GAUBATZ, *et al.*,<br><br>   Defendants. | CIVIL NO: 1:09-cv-02030-CKK |

**CSP DEFENDANTS' SUPPLEMENTAL BRIEFING**

I.   **PROCEDURAL BACKGROUND**

Plaintiffs initiated this lawsuit 14 years ago on October 29, 2009, with the filing of the original complaint. (Dkt. No. 1). After fairly extensive motion practice, Plaintiffs filed their third amended complaint–the complaint operative today–on September 17, 2012. (Dkt. 126). Discovery closed more than 10 years ago on January 18, 2013. (Scheduling and Procedures Order [Sept. 1, 2011] at 5 [Dkt. No. 99]). After several rounds of summary judgment motions and motions for reconsideration, the Court held a pre-trial status conference on March 18, 2016 (Minute Entry of same date), and subsequently issued two orders relating to pretrial and trial procedures and scheduling. (Dkt. Nos. 229 and 231). The latter of the two, the Court's Pretrial Scheduling and Procedures Order, set dates, *inter alia*, for the filing of a joint pretrial statement and motions-in-limine. (Pretrial Order [Dkt. No. 231]) at 6).

Following the filing of a joint pretrial statement on March 21, 2017 (Dkt. No. 239), the parties filed various motions-in-limine, including memoranda in support of, and in opposition to, the motions. (Dkt. Nos. 248-54). On March 26, 2018, the Court issued its

1

rulings on the Gaubatz Defendants motions-in-limine, granting some relief and denying some. (Dkt. No. 258). Three days later, on March 29, the Court issued its rulings on Plaintiffs' and CSP Defendants' respective motions-in-limine, similarly granting some relief and denying some. However, in relevant part, the Court's denial of relief was without prejudice and subject to supplemental briefing, which the Court expressly ordered relative to Plaintiffs' motions (leaving unaddressed and without explanation what the Court intended for the CSP Defendants' motions). (Dkt. No. 259 at 20-21).

The parties completed all briefing relative to the Court's order for supplemental briefing of Plaintiffs' motions-in-limine on September 17, 2018. (Dkt. Nos. 261-66).

More than four years later,[1] the Court issued its rulings on Plaintiffs' supplemental briefing and then ordered additional supplemental briefing on certain of the CSP Defendants' evidentiary objections raised in the pending motion-in-limine. (Dkt. No. 267 at 16-17). Specifically, as to the CSP Defendants' objections, the Court ordered as followed:

> **ORDERED**, that CSP Defendants' [248] Motion in Limine is **HELD IN ABEYANCE** as to the "Muslim Mafia" book issue, issues with witnesses, and evidentiary objections to exhibits. It is further
> **ORDERED**, that CSP Defendants' [248] Motion in Limine is **DENIED WITHOUT PREJUDICE** as to deposition transcripts and itemization of damages. It is further
> **ORDERED**, that the CSP Defendants shall file supplemental briefing in support of the remaining issues in their [248] Motion in Limine on or before **December 19, 2022**.[2] Plaintiffs may file a response on or before **January 6, 2023**.[3] The Court will not permit any further briefing.

(*Id*. at 17) (emphasis in the original).

---

[1] It is unclear why the Court delayed its ruling on Plaintiffs' motions for more than four years, and the Court has not provided an explanation.
[2] Extended to March 27, 2023 (Jan. 23, 2023, Minute Entry).
[3] Extended to April 10, 2023) (*id*.).

## II.    CSP DEFENDANTS' SUPPLEMENTAL BRIEFING RESPONSE.

The Court's Order instructing CSP Defendants to file supplemental briefing is unclear as to what issues the Court requires supplemental briefing.  On its own terms, the Court has addressed three categories of issues raised by the CSP Defendants' motion-in-limine: (1) certain issues "held in abeyance"; (2) issues relating to "deposition transcripts and itemization of damages"; and (3) "supplemental briefing on the remaining issues." (*Id*.)  CSP Defendants are unaware of what those "remaining issues" are insofar as it appears to be issues other than those in the first category (*i.e.*, "held in abeyance") and those in the second category (*i.e.*, "deposition transcripts and itemization of damages"). The only actual "remaining issues" are those relating to the CSP Defendants' objections to Plaintiffs' proposed Exhibit 8, which the Court originally "held in abeyance" by denying them without prejudice subject to supplemental briefing (*see* Dkt. No. 259 at 17-18), yet the Court fails to mention those objections at all in section "G." of the order.

It is of course possible that the ambiguity of the Court's order is that what the Court means by "remaining issues" are the issues termed "remaining issues" in section "G." of the Court's order.  But that does not appear to be the case for two reasons.  First, as noted above, the Court does not mention Exhibit 8 at all in section "G." of the order.  Second, if one reads the Court's order carefully (as one should), the Court's order describes three distinct categories of objections, with the "remaining issues" quite distinct from the category of objections "held in abeyance," the latter of which are the "remaining issues" described in section "G." of the order.

Notwithstanding the ambiguity of the Court's order, if we assume the "remaining issues" are the issues "denied without prejudice" and subject to "supplemental briefing" in

3

the Court's earlier order (Dkt. No. 259 [by assuming that the Court's failure to mention Exhibit 8 in section "G." of the most recent order was an oversight]), CSP Defendants provide the following:

**A.** CSP Defendants withdraw their motion-in-limine with respect to the use of the book "Muslim Mafia" as evidence, but reserve the right to object to its use at trial given the specific context in which it is used.

**B.** CSP Defendants withdraw their motion-in-limine with respect to "issues with witnesses," but reserve the right to object to any particular witness and/or any particular testimony of a witness at trial given the specific context in which it is offered.

**C.** CSP Defendants withdraw their motion-in-limine with respect to "exhibits," but reserve the right to object to any specific exhibit's use at trial given the particular context in which it is used.

Dated this 27th day of March 2023.


Respectfully submitted,

By:   */s/David Yerushalmi*
David Yerushalmi (D.C. Bar No. 978179)
Law Offices of David Yerushalmi
2020 Pennsylvania Avenue NW
No. 189
Washington, D.C. 20006
david.yerushalmi@verizon.net
Tel: (646) 262-0500
Fax: (801) 760-3901
*Co-Counsel for CSP Defendants*

4

By: */s/ Robert J. Muise*
Robert J. Muise, Esq. (D.C. Court Bar No. MI 0052)
AMERICAN FREEDOM LAW CENTER
P.O. Box 131098
Ann Arbor, Michigan 48113
Tel (734) 635-3756 / Fax (801) 760-3901
rmuise@americanfreedomlawcenter.org
*Co-Counsel for CSP Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March 2023, true and correct copies of the foregoing were served via ECF upon all counsel of record.

                                                /s/ David Yerushalmi
                                                  David Yerushalmi

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| COUNCIL ON AMERICAN-ISLAMIC RELATIONS ACTION NETWORK, INC., *et al.*, | CIVIL NO: 1:09-cv-02030-CKK-JMF |
|---|---|
| Plaintiffs, | |
| -v.- | |
| PAUL DAVID GAUBATZ, *et al.*, | |
| Defendants. | |

**PROPOSED ORDER**

Upon consideration of the Unopposed Motion to extend the deadline for CSP Defendants to file supplemental briefing in support of their pending motion-in-limine, and of the record herein, it is this ___ day of January 2023 hereby

**ORDERED** that the Motion is **GRANTED**, and further

**ORDERED** that the following deadlines and dates shall apply:

| Deadline/Date Matter | Current Date/Deadline | Unopposed Requested New Date/Deadline |
|---|---|---|
| CSP Defendants' Supplemental Briefing | January 27, 2023 | March 27, 2023 |
| Plaintiffs' Response to Supplemental Briefing | February 17, 2023 | April 10, 2023 |
| Joint Pretrial Statement | July 26, 2023 | No change |
| Pretrial Conference | January 8, 2024 | No change |
| Trial | January 17, 2024 | No change |

_____
Hon. Colleen Kollar-Kotelly
United States District Judge